**WESTECH GEAR CORPORATION, Appellant**

v.

**DEPARTMENT OF the NAVY.**

No. 89–5057.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 12, 1990.

Decided July 27, 1990.

Peter S. Latham, Washington, D.C., for appellant.

John C. Cleary, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before BUCKLEY, D.H. GINSBURG, and SENTELLE, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Westech Gear Corporation brought an action in district court against the Department of the Navy seeking an injunction to prohibit the Navy from reverse engineering Westech's ram tensioner, a device used to facilitate ship-to-ship transfers at sea. Westech claimed that the Navy did not first exhaust three alternatives before deciding to reverse engineer the device, in violation of applicable Department of Defense Acquisition Regulations. United States District Judge Harold H. Greene concluded that the Navy's decision to reverse engineer was in conformance with the regulations and granted summary judgment for the Navy. *Westech Gear Corp. v. Department of the Navy*, 733 F.Supp. 390 (D.D.C.1989). Westech appeals that order.

With one exception, we adopt as our own the reasons stated by Judge Greene in his excellent opinion and conclude, as he did, that the Navy had considered and appropriately rejected each of the three alternatives in question prior to deciding to reverse engineer. *Id.* at 393–96. In explaining why the Navy had properly rejected one of the three alternatives, that of open competition using "brand name or equal" specifications, the judge assumed, erroneously, that certain litigation that bore on the reasonableness of that alternative was being pursued at that time. *Id.* at 394. In fact, it had not yet commenced. This error, however, was irrelevant to the outcome as Judge Greene found that the Navy's rejec-

tion of this alternative was independently supported by its conclusion that cost considerations made it necessary to have ram tensioners of identical specifications. *Id.* at 396.

The judgment is therefore *Affirmed.*